IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| NATIONAL EDUCATION | ) |
| ASSOCIATION, INC., | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Intervenor and | ) |
| Amicus Curiae, | ) |
| | ) |
| vs. | )   CIVIL ACTION NO. 70-3110-N |
| | ) |
| TROY CITY BOARD OF EDUCATION, et al.,) | (WO) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

On September 26, 2005, the Troy City Board of Education filed a Motion for Declaration of Unitary Status and Motion to Dismiss (Doc. #86). On December 2, 2005, the court held a fairness hearing.

On the basis of the record evidence and witness testimony, the court finds that notice of the fairness hearing was properly given. The court further finds on the basis of record evidence and witness testimony, and considering fully all objections to the declaration of unitary status made either in writing or in oral representations during the fairness hearing, that the school district defendants have met the standards entitling the district to a declaration of unitary status. The Troy City Board of Education ("the Board") has fully and satisfactorily complied with the orders of this court. The vestiges of the prior *de jure* segregated school system have been

eliminated to the extent practicable. The court also finds that the Board has demonstrated a good faith commitment to the whole of the court's decrees and to those provisions of the law and the Constitution that were the predicate for judicial intervention in this school system in the first instance, through the Board's compliance with the court's orders over the years, through its good faith implementation of its contractual obligations under the Consent Decree, and through its stated commitment to the continued operation of a school system in compliance with the Constitution in the future.

The plaintiff parties have succeeded in the task they began decades ago to seek the end of the de jure system of school segregation in the Troy City school system. By this lawsuit, they sought to bring the district in compliance with the constitutional requirement of equal protection under the law, and the court states today that they have succeeded. See NAACP, Jacksonville Branch v. Duval Co. Schools, 273 F.3d 960, 976 (11th Cir. 2001). By its actions today, the court recognizes and congratulates the sustained efforts of all the parties in bringing this long-standing litigation to a final conclusion. The court is confident that the Board will live up to its public commitment to continue the operation of its school system in compliance with the Constitution as an required by law, without the necessity of further supervision by this court.

The statewide issues involving special education were resolved by a consent decree, which was adopted and approved in this case. According to the terms of the statewide decree, any claims in the area of special education are to be raised with the State defendants and do not affect a declaration of unitary status in this case.

The court concludes that control over the Troy City school system is properly returned to the Troy City Board of Education. Accordingly, in accordance with the oral Order granting the

Board's motion in open court, it is hereby ORDERED that the Board's motion for declaration of unitary status is hereby GRANTED, all outstanding orders and injunctions are hereby DISSOLVED, court supervision of the Troy City Board of Education and Troy City School District is ended, and this litigation is DISMISSED.

DONE this 2nd day of December, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE